# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 07-23358 |
| | ) | |
| Keith M. Lydon | ) | Chapter 7 |
|     Debtor | ) | Hon. Susan Pierson Sonderby |

## COVER SHEET FOR APPLICATION
## FOR PROFESSIONAL COMPENSATION

Name of Applicant:   <u>Bruce E. de'Medici and Smith Amundsen LLC</u>

Authorized to Provide
Professionals Services to:   <u>David R. Herzog, not individually but as trustee</u>

Date of Order Authorizing Employment:  <u>April 9, 2008</u>

Period for Which
Compensation is Sought:  <u>From April 1, 2008, to November 8, 2009</u>

<u>Law Office of Bruce E. de'Medici</u>
| | |
|---|---|
| Amount of Fees Sought for Allowance | $12,665 |
| Amount of Fees Sought for Payment | $8,485 |
| Amount of Expense Reimbursement Sought: | -0- |

<u>Smith Amundsen LLC</u>
| | |
|---|---|
| Amount of Fees Sought for Allowance | $9,660 |
| Amount of Fees Sought for Payment | $5,545 |
| Amount of Expense Reimbursement Sought: | -0- |

This is an:   Interim Application      Final Application   **X**

Prior applications that these professionals filed, if any:  None

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | -0- |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 07-23358 |
| | ) | |
| Keith M. Lydon | ) | Chapter 7 |
|     Debtor | ) | Hon. Susan Pierson Sonderby |

## FINAL APPLICATION OF
## TRUSTEE'S COUNSEL FOR COMPENSATION

Bruce de'Medici and Smith Amundsen LLC (the "Applicant"), as counsel for the trustee of the estate of Keith M. Lydon, respectfully submit this final application for the allowance and payment of compensation pursuant to 11 U.S.C. §§330(a) and 503, and state in support as follows:

## I
## STATEMENT IN SUPPORT OF APPLICATION
## FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

A.  BACKGROUND

<u>Jurisdiction and Venue</u>

1.  The district courts have jurisdiction over this case pursuant to section 1334 of title 28 of the United States Code (the "U.S. Code").  Pursuant to section 157(a) of title 28 of the U.S. Code, this case is properly referred to the bankruptcy courts.  Pursuant to section 157(b)(1) and sections 157(b)(2)(A) and (O) of title 28 of the U.S. Code, and Internal Operating Procedure 15 of the Internal Operating Procedures of the United States District Court for the Northern District of Illinois, this case is properly referred to the United States Bankruptcy Court for the Northern District of Illinois.  When he filed the petition for relief, the Debtor lived in Cook County, so pursuant to section 1408(1) of title

28 of the U.S. Code venue for this case is proper in the Northern District of Illinois, Eastern Division.

Background

2. Keith M. Lydon commenced this case on December 12, 2007, by filing a petition for voluntary relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq*. The United States trustee appointed David R. Herzog to serve as the trustee (the "Trustee").

3. This case involved simple assets to recover: a recreational vehicle that the Debtor owned as the sole equity holder of an entity that was no longer operating, and the Debtor's interest in a tax refund and a Saturn vehicle. When the Trustee identified the estate's interest in the recreational vehicle, the Debtor sought to convert this case to one under chapter 13. The Trustee retained the Applicant to object to this and upon filing the Applicant filing the objection and supporting brief, the Debtor withdrew the motion to convert the case and cooperated with the Trustee in liquidating the vehicle. Thereafter, the Debtor resisted turning over the tax refund and Saturn vehicle (or proceeds thereof to buy them from the estate) and the Applicant had to file pleadings to obtain that turnover. Ultimately the Trustee recovered proceeds from administering the foregoing that will enable him to remit a dividend upon pre-petition claims. The Applicant filed this Application for the allowance and payment of compensation that it incurred in rendering its services for the foregoing.

4. As a result of the Applicant's services and the Trustee's administration of the assets, the Trustee will remit payment on pre-petition claims. The Applicant provided a service to creditors from its services and is entitled to be paid for them.

Terms for Employment of the Applicant

     5.    The estate employed the Applicant at its hourly rates and pursuant to 11 U.S.C. §330. The Applicant did not seek and the estate did not provide or pay any retainer. The Trustee did not 'promise' any payments to the Applicant outside of advising the Applicant that it would have the right to seek compensation and reimbursement of costs pursuant to 11 U.S.C. §330. The Applicant rendered services to the estate and filed this Application seeking compensation pursuant to 11 U.S.C. §§330 and 503(b). The Applicant's employment did not impose any caps or limitations on fees or other charges.

     6.    This Court did not previously award compensation to the Trustee pursuant to 11 U.S.C. §326 or to the Applicant pursuant 11 U.S.C. §330(a).

     7.    This is a final application. The Applicant's request in this Application includes compensation for the following professionals:

PROFESSIONAL/PARAPROFESSIONAL  HOURLY RATE

Bruce de'Medici-Prof.     $425
Ean Kryska - Prof.        $300
Wm. Hackney – Prof.       $300

The Applicant charges bankruptcy clients the same rate for similar services.

B.    CASE STATUS

     8.    Financial Status

        a. Cash on deposit:    approx. $21,000
        b. Unencumbered funds in the estate: all funds on deposit are unencumbered
        c. Operating profit/loss:    N/A
        d. Projected closing date: Winter, 2009/2010.

     9.    Distribution to Creditors: Through the efforts of the Trustee and the Applicant, the Trustee will remit payment on pre-petition claims.

C.  PROJECT SUMMARY

10. In representing the Trustee in this case, the Applicant performed legal services on three matters: employment of professionals, liquidation of assets, and preparation of this Application. The Applicant included herein detailed time records with this Application that are set forth in chronological order for each category of service.

11. The structure of the Applicant's retention was to be compensated on an hourly basis. The Applicant compiled its time in hourly task-based billing, in increments of tenths of an hour, with sufficient detail and categorization to enable this Court to evaluate the propriety of its request for compensation in comparison to the result that it obtained, *viz*., payment in full of claims out of funds that are in the estate through the Applicant's representation of the Trustee.

Employment of Professionals

12. The Applicant expended 6.9 hours in connection with substitution of counsel and retaining an auctioneer, at a value of $2,507.50; the Applicant is seeking payment of $1,500. The Applicant included a copy of the entries for these services within Exhibit "i".

13. The Trustee determined that he could liquidate the interest of the estate in the Debtor's recreational vehicle and certain other assets for the benefit of the estate. To do so, the Trustee further determined that he required representation from counsel and informed the Applicant that he required his services. The Applicant prepared the application for the Trustee to obtain authority to retain counsel and appeared before this Court to support that pleading. Further, the Applicant prepared the pleading to authorize the Trustee to retain Chicago Liquidators to liquidate the recreational vehicle.

14.     The Trustee was required to obtain authority to retain professionals to represent him and to liquidate the recreational vehicle. By providing these services, the Applicant provided a benefit to the estate.

Liquidation of Assets

15.     The Applicant expended 45.1 hours in performing services under this category, at a value of $11,330; the Applicant is seeking payment of $12,330. The Applicant included a copy of the entries for these services within Exhibit "ii".

16.     To enable the Trustee to administer the interest of the estate in the recreational vehicle, the Applicant was required to perform two overriding tasks: analyze the interest of the estate therein and defeat the Debtor's motion to convert his case to one under chapter 13. Again, the Debtor was the sole shareholder of a corporation that was no longer conducting operations and that entity owned the vehicle. The Applicant provided the analysis that the Trustee required to establish his legal basis for liquidating the vehicle for the benefit of the estate. Furthermore, and more salient, the Applicant provided the analysis that the Trustee required to support his objection to the motion that the Debtor filed to convert this case to one under chapter 13 (with the intent of obviating the Trustee's ability to liquidate the vehicle to provide a payout to creditors in a much shorter time frame) and filed an objection to the conversion. Upon reviewing that objection, the Debtor agreed to withdraw his motion to convert. The Applicant's services were the foundation for the Trustee's liquidation of the vehicle.

17.     Further, the Applicant prosecuted the Trustee's administration of the Debtor's interest in his tax refund and Saturn vehicle. The Trustee demanded the turnover of the value of those assets and when the Debtor did not comply, instructed the

Applicant to file a pleading to compel that turnover. The Applicant did so and the Debtor agreed to turn over a fair value for the interest of the estate in those assets. Absent that pleading the Debtor would not have done so.

18.     The Trustee was able to liquidate assets of the estate to produce a significant dividend to pre-petition creditors. By its services in this regard, the Applicant enabled the Trustee to discharge his duty to administer the estate and thus provided necessary services to the Trustee that benefited the estate.

Preparation of Fee Application

19.     The Applicant expended 3.5 hours in performing services under this category, at a value of $1,487.50; the Applicant is seeking payment of $1,200. The Applicant included a copy of the entries for these services within Exhibit "iii".

20.     The Applicant prepared this Application in accordance with the applicable standards and devoted time in doing so. In preparing the Application, the Applicant complied with the standards which are set forth in the opinions in *In re Continental Illinois Securities Litigation*, 572 F.Supp. 931 (N.D. Ill. 1983); *In re Pettibone Corp.*, 74 B.R. 293 (Bankr. N.D. Ill. 1987); *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987); Local Rule 5082-1; and the guidelines of the Office of the United States Trustee. The Applicant is entitled to be compensated for preparing the Application, in accordance with *In re NuCorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985); *In re Alberto*, 121 B.R. 531 (Bankr. N.D. Ill. 1990); and *In re Spanjer Bros., Inc.*, 203 B.R. 85 (Bankr. N.D. Ill. 1996).

Costs

21.     In representing the Trustee, the Applicant has incurred certain costs for photocopying documents and pleadings and postage.  The Applicant is entitled to reimbursement for those costs but is not requesting reimbursement.

## II
## STATEMENT PURSUANT TO
## 11 U.S.C. §§ 329 AND 504
## AND BANKRUPTCY RULE 22016

22.     Except to the extent that under 11 U.S.C. §504(b)(1) a professional may share compensation within that party's firm, the Applicant has not agreed to share with any person, firm, or entity any award of fees which it may receive for having represented the Trustee in this case.  Furthermore, there is no agreement between the Applicant and any other party for sharing compensation that any other person, firm, or entity receives in connection with representing the Trustee in this case.

## III
## REQUEST FOR RELIEF

WHEREFORE, Bruce de'Medici and Smith Amundsen LLC, as counsel for the Trustee, prays that this Court allow compensation and costs as requested herein, authorize the Trustee to remit payment thereon, and grant such further relief as is just.

Respectfully Submitted,
Bruce de'Medici
Smith Amundsen LLC

By: /s/ Bruce de'Medici

Bruce de'Medici       #6184818
Smith Amundsen LLC
150 North Michigan Avenue,   Suite 3300
Chicago, Illinois 60601-7621
Tel: 312.894.3381

# SUMMARY SHEET

IN RE:                              )    Case No. 07-23358
                                    )
Keith M. Lydon                      )    Chapter 7
    Debtor                   )    Hon. Susan Pierson Sonderby

NAME OF APPLICANT:    Bruce E. de'Medici/Smith Amundsen LLC
ROLE IN THE CASE:     Counsel for David R. Herzog, as trustee

<u>Law Office of Bruce E. de'Medici</u>
Amount of Fees Sought for Allowance        $12,665
Amount of Fees Sought for Payment          $8,485
Amount of Expense Reimbursement Sought:    -0-

<u>Smith Amundsen LLC</u>
Amount of Fees Sought for Allowance        $9,660
Amount of Fees Sought for Payment          $5,545
Amount of Expense Reimbursement Sought:    -0-

FEES PREVIOUSLY REQUESTED:        -0-
FEES PREVIOUSLY AWARDED:          -0-

EXPENSES PREVIOUSLY REQUESTED:    -0-
EXPENSES PREVIOUSLY AWARDED:      -0-

RETAINER PAID;                    -0-

FEE APPLICATION

| NAMES OF PROFESSIONAL/ PARAPROFESSIONAL | YEAR ADMITTED TO PRACTICE | HOURS BILLED | RATE | TOTAL TIME BILLED |
|---|---|---|---|---|
| Bruce de'Medici | 1980 | 45.4 | $425 | $19,295 |
| Wm. Hackney | 1999 | 1.8 | $300 | $540 |
| Ean Kryska | 2005 | 8.3 | $300 | $2,490 |

## Fee Breakdown

| CATEGORY | HOURS |
|---|---|
| **Employ Professionals** | **6.9** |
| **Liquidation of Assets** | **45.1** |
| **Fee Application** | **3.5** |
| TOTAL | **55.5** |

| CATEGORY | FEES (Sought for Payment) |
|---|---|
| **Employ Professionals** | **1,500** |
| **Liquidation of Assets** | **11,330** |
| **Fee Application** | **1,200** |
| TOTAL | **14,030** |